IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CLOVIS DANIEL MORTON**                                            **PLAINTIFF**

**VS.**                                         **CAUSE NO.** 1:22CV065-GHD-DAS

**CITY OF CORINTH, MISSISSIPPI; and
CITY OF CORINTH POLICE DEPARTMENT; and
RALPH DANCE, CHIEF OF CORINTH POLICE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; and
DETECTIVE RAM MARES, INDIVIDUALLY
AND IN HIS OFFICIAL CAPCITY; and
OFFICER SEAN STRICKLAND, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; and
LIEUTENANT MATT WOOD, INDIVIDUALLY
AND IN HIS OFFICIAL CAPCITY; and
OFFICER NAOMI CARMICHIEL, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY; and
DETECTIVE BO SWINDEL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; and
CAPTAIN MARK LUKER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; and
INVESTIGATOR JERRY ROGERS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY**                            **DEFENDANTS**

**COMPLAINT
(JURY TRIAL DEMANDED)**

**COMES NOW** your Plaintiff, Clovis Daniel Morton, by and through his attorney of record, and files this, his *Complaint* against the Defendants herein, and in support of said *Complaint*, would show unto this Honorable Court the following, to-wit:

**PARTIES**

1. Plaintiff Clovis Daniel Mortin (sometimes hereinafter referred to as "Plaintiff" or "Mr. Mortin") is presently an adult resident of Alcorn County, Mississippi, and at the time of the incident, was an adult resident of Attala County, Mississippi.

Page 1 of 19

2. Defendant City of Corinth, Mississippi is a municipality or municipal corporation organized and existing under the laws of the State of Mississippi and can be served with process of this Court through the City Clerk at 300 Childs Street, Corinth, MS 38834.

3. Defendant City of Corinth Police Department is an "Agency" of the City of Corinth, Mississippi, and can be served through its agent the City of Corinth Attorney.

4. Defendant Ralph Dance, Chief of Police for the Corinth Police Department, is a citizen of the State of Mississippi who is domiciled in Corinth, Mississippi and who may be served with process of this Court at the following location: 2205 Weston Drive, Corinth, MS 38834-2411, or wherever he may be found.

5. Defendant Ram Mares, Detective for the Corinth Police Department, is a citizen of the State of Mississippi who is domiciled in Corinth, Mississippi and who may be served with process of this Court at the following location: 902 Wenasoga Road, Corinth, MS 38834-3115, or wherever he may be found.

6. Defendant Sean Strickland, Officer for the Corinth Police Department, is a citizen of the State of Mississippi who is domiciled in Corinth, Mississippi and who may be served with process of this Court at the following location: 265 County Road 306, Corinth, MS 38834-0997, or wherever he may be found.

7. Defendant Matt Wood, Lieutenant for the Corinth Police Department, is a citizen of the State of Mississippi who is domiciled in Corinth, Mississippi and who may be served with process of this Court at the following location: 204 Bunch St., Corinth, MS 38834-4701, or wherever he may be found.

8. Defendant Naomi Carmichiel, Officer for Corinth Police Department, is a citizen of the State of Mississippi who is domiciled in Ripley, Mississippi and who may be served with process

of this Court at the following location: 21220 Highway 2 E, Ripley, MS 38663-9089, or wherever she may be found.

9. Defendant Bo Swindle, Investigator for the Corinth Police Department, is a citizen of the State of Mississippi who is domiciled in Corinth, Mississippi and who may be served with process of this Court at the following location: 28 County Road 238, Corinth, MS 38834-7603, or wherever he may be found.

10. Defendant Mark Luker, Captain of the Corinth Police Department, is a citizen of the State of Mississippi who is domiciled in Corinth, Mississippi and who may be served with process of this Court at the following location: 295 County Road 602, Corinth, MS 38834-1256, or wherever he may be found.

11. Defendant Jerry Rogers, Investigator of the Corinth Police Department, is a citizen of the State of Mississippi who is domiciled in Corinth, Mississippi and who may be served with process of this Court at the following location: 20 County Road 461, Corinth, Mississippi 38834-8234, or wherever he may be found.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this matter pursuant to Section 1331 of the United States Code Annotated, as this Court has original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States, and Plaintiff is seeking relief against each Defendant pursuant to Section 1983 of the United States Code Annotated.

13. This Court has supplemental jurisdiction of the other claims filed against each Defendant pursuant to Section 1367(a) of the United States Code, as this Court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution. Plaintiff's claims form a part of the same case or controversy.

14. This Court has personal jurisdiction over each individual Defendant, as each Defendant is currently domiciled in the State of Mississippi and has further purposely available himself or herself of the laws and protections of the State of Mississippi.

15. This Court is the proper venue for this matter pursuant to Section 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the Aberdeen Division for the United States District Court for the Northern District of Mississippi, occurring in Corinth, Mississippi.

## FACTS

16. On November 2, 2020, Plaintiff Clovis Daniel Morton was an invitee on the premises of the Corinth Police Department.

17. Mr. Morton was there to purchase and pick up a copy of a collision report for a motor vehicle collision involving his wife.

18. Mr. Morton was seventy-three (73) years old on November 2, 2020.

19. Mr. Morton suffered from disabilities on November 2, 2020, which caused him to have trouble ambulating effectively without an assistive device, such as a cane.

20. Mr. Morton parked his motor vehicle on the property of the Corinth Police Department in a handicapped parking space due to his disabilities.

21. The Corinth Police Department parking lot is a public facility open to all members of the public as invitees.

22. At all times relevant, while entering and exiting the Corinth Police Department, Mr. Morton utilized his cane to walk and required his cane for standing and walking.

23. Upon leaving the Corinth Police Department, Mr. Morton entered his vehicle and backed out of the handicapped parking space.

24. Upon backing out, Mr. Morton's vehicle could not exit the parking lot due to an unmarked motor vehicle blocking the only exit route.

25. Mr. Morton waited for several minutes for the vehicle, which was blocking his vehicle, to pull forward so that he could exit the parking lot, but the vehicle did not move.

26. The driver of the vehicle in front or Mr. Morton's vehicle was speaking to an individual through a window.

27. After waiting for the vehicle to move forward so that he could exit the parking lot, Mr. Morton blew his horn to advise and alert the driver in front of his vehicle that he needed to exit the parking lot.

28. Immediately after Mr. Morton blew his horn, the driver of the vehicle in front of Mr. Morton's vehicle put his vehicle in park and exited his vehicle, slamming the door.

29. The individual, who became known later as Detective Ram Mares for the Corinth Police Department, exited the parked vehicle in a violent manner, slamming the door to the vehicle and aggressively approached Mr. Morton's vehicle, where Mr. Morton sat passively within his vehicle.

30. Detective Ram Mares was dressed in civilian clothing and was operating a motor vehicle which was unmarked at the time of the incident. Detective Mares wore a black top and brown pants and was dressed in civilian clothes at the time of the encounter with Mr. Morton.

31. As Detective Mares approached the car, Mr. Morton began to open the door to his vehicle in an effort to stand up, because he feared that the individual approaching him would attack him due to the aggressive and hostile nature of the approach.

32. Due to his disabilities and age, Mr. Morton feared for his safety and life as the unidentified individual approached his vehicle.

33. Then Detective Mares immediately, without warning, and without authority of law, attacked Mr. Morton.

34. Detective Mares grabbed the half-opened door to Mr. Morton's vehicle and opened the door fully and then proceeded to grab Mr. Morton violently.

35. Mr. Morton shielded himself in defense because he was being attacked by the unknown individual (Detective Mares).

36. Detective Mares then violently slammed shut Mr. Morton's vehicle door which struck Mr. Morton's knees.

37. Detective Mares then reopened the door and again tried to unlawfully remove Mr. Morton from the vehicle.

38. Detective Mares attempted this unlawful removal of Mr. Morton from his vehicle without any legal authority.

39. Detective Mares never announced his identity as a police officer or otherwise identified himself prior to the attack on Mr. Morton.

40. At this time, another man, who was dressed in plain civilian clothes, approached the vehicle, and began to assist Detective Mares in removing Mr. Morton from the vehicle and placing him in an arm bar.

41. The individual who assisted Detective Mares at this point is believed to be Defendant Officer Sean Strickland.

42. Mr. Morton was unlawfully removed from his vehicle by the officers and placed in handcuffs.

43. Detective Mares then requested further assistance and transport of Mr. Morton, as Mr. Morton had been placed under arrest by Detective Mares at that time.

44. All other Defendants, including Chief Ralph Dance, Lieutenant Matt Wood, Officer Naomi Carmichiel, Detective Bo Swindell, and Captain Mark Luker, arrived at the scene after the initial arrest was made. Each of these Defendants failed to properly investigate or assist Mr. Morton and instead assisted Detective Mares and Officer Strickland in the unlawful arrest and detainment of Mr. Morton.

45. During the time at the scene, Mr. Morton was unable to stand on his own due to his disability and was deprived of his assistive device, his cane, which was in the back of his vehicle.

46. Mr. Morton had to beg the officers to provide his assistive to him so that he could stand and had to beg officers to place the handcuffs in a manner which would not cause him injury.

47. Mr. Morton was transported to the Alcorn County Detention Center where he was stripped naked and placed in a jail cell alone and was denied access to his insulin, which he must take three times daily due to his diabetes.

48. Mr. Morton suffered from Post-Traumatic Stress Disorder caused by his time spent as a service member to in the United States Army.

49. Currently, Mr. Morton suffers from visions of being naked and alone in a jail cell due to his unlawful detainment and false imprisonment.

50. After the unlawful arrest, the Corinth Police Department and Defendants herein sought baseless charges against Mr. Morton for violation of Section 97-9-73 of the Mississippi Code Annotated ("resisting or obstructing arrest") and Section 97-35-7 of the Mississippi Code Annotated ("disorderly conduct; failure to comply with commands of law enforcement officers.")

51. Defendant Investigator Jerry Rogers participated in the malicious investigation of Mr. Morton and obtained a statement from the witness at the scene of the incident involving Mr. Morton and the officers by the confidential informant and known criminal, Jamie Sparks, who was speaking to Detective Mares through his vehicle's window before Detective Mares exited his vehicle and assaulted Mr. Morton.

52. Further, Detective Mares appeared before Municipal Court Judge, Rebecca Phipps, who signed an Affidavit for Warrant for Arrest by Detective Mares, who represented false information to the Judge for the obtainment of the Affidavit for Warrant for Arrest and did so knowingly and with the foreknowledge that no probable cause existed or supported the Affidavit for Warrant for Arrest. A copy of the Affidavit for Warrant for Arrest is attached hereto as Exhibit "A."

53. Based upon information and belief, the city prosecutor attempted to dismiss the charges eventually but would not dismiss the charges due to Detective Mares and other members of the Corinth Police Department's insistence on the criminal charges being pursued against Mr. Morton.

54. A trial occurred, wherein the Municipal Court Judge, Rebecca Phipps, who was also the issuing judge for the Affidavit for Warrant of Arrest for Mr. Morton, held that "the proof presented at the hearing [on the charge of Resisting Arrest and Disorderly Conduct against Clovis Morton] was insufficient to support the charges against Clovis Morton" and dismissed those charges. A copy of this Order is attached hereto as Exhibit "B."

55. Mr. Morton now seeks to be compensated from Defendants for the violations of his constitutional rights committed against him by Defendants and for the injuries sustained, both physical and emotional, during his assault and unlawful arrest by the officers of the Corinth Police Department.

I. **COUNT ONE—MISSISSIPPI TORT CLAIMS ACT LIABILITY AGAINST DEFENDANT CITY OF CORINTH, MISSISSIPPI, DEFENDANT CORINTH POLICE DEPARTMENT, DEFENDANT RAM MARES, IN HIS OFFICIAL CAPACITY, AND DEFENDANT SEAN STRICKLAND, IN HIS OFFICIAL CAPACITY**

56. Plaintiff reasserts and re-alleges each fact and allegation in all other sections of this *Complaint* and incorporates them by reference, as if fully set forth herein.

57. Defendants' intentional actions and/or omissions on November 2, 2020, were in a reckless disregard for the safety and well-being of Clovis Morton.

58. Defendant Mares and Defendant Strickland breached their duty of care owed to Plaintiff by physically assaulting and battering Plaintiff during an unlawful arrest and unlawful seizure of Plaintiff, and committed other intentional, reckless and acts of gross negligence, all of which were the proximate cause of the injuries, wrongful arrest, constitutional violations and other injuries, and all of which were committed in a reckless disregard for the safety and well-being of Plaintiff, who was not engaged in any criminal activity at the time of the assault and unlawful arrest.

59. As a direct and proximate result of Defendants' reckless disregard for Plaintiff's life and safety, Plaintiff sustained injuries.

60. At all times relevant and material herein, the Defendant Mares and Defendant Strickland were acting as the agents, servants, and employees of their employer, Defendant City of Corinth, Mississippi and Defendant Corinth Police Department, and they were acting within the scope of their authority and employment and in furtherance of their employers' business. Any reckless disregard for the safety and well-being of Plaintiff shall be imputed unto their employers.

61. Plaintiff seeks to hold Defendant Mares and Defendant Strickland liable in their official capacity for their actions, which are described herein.

62. Moreover, as Plaintiff was an invitee on the premises of Defendant, Defendant owed a duty to Plaintiff to implement protections to visitors and customers of the police department such as Plaintiff from harm caused by the gross negligence of its employees and further owed a duty to maintain its

premises in a reasonably safe condition for customers such as Plaintiff. Defendants are not immune to this claim pursuant to Section 11-46-9(1)(v) or the Mississippi Tort Claims Act due to the actions of Defendants, as described herein.

63. Additionally, the actions and inactions of Defendants constitute negligence per se, as the actions of Defendant Mares and Defendant Strickland, as well as the other officers and representatives of Defendant City of Corinth, Mississippi and Defendant Corinth Police Department, violated criminal statutes of the State of Mississippi on November 2, 2020, and the dates following.

64. Specifically, Defendants violated § 43-47-5, et. seq., which is known as the Mississippi Vulnerable Persons Act, as Mr. Morton was seventy-three (73) at the time of the incident and was also disabled. Defendant City of Corinth, Mississippi and Defendant Corinth Police Department also failed to properly train said officers in the treatment of vulnerable adults such as Mr. Morton and said failures to train proximately caused Mr. Morton's injuries to occur. Defendants owed Mr. Morton a duty to abide by the laws outlined in the specific statutes listed herein. The specific statues provide for a criminal penalty. The standard of conduct required by each individual statute is clearly defined within the statute and Defendant Mares and Defendant Strickland and other officers breached such standard of conduct on November 2, 2020. The statutes were designed to protect a specific type of person from a specific type of harm and Mr. Morton falls within the statute's class of protection, and each statute protects against the type of harm suffered by Mr. Morton. Therefore, as a direct, immediate, and proximate result of Defendants' actions and inactions, Mr. Morton sustained damages of a personal and pecuniary nature, including physical, mental, and emotional injury and pain, and mental anguish, along with other damages to be proven at a trial of this matter.

II. **COUNT TWO—VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983, ET. SEQ., AS TO ALL DEFENDANTS AND INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

65. Plaintiff reasserts and re-alleges each fact and allegation in all sections of this *Complaint* and incorporates them by reference, as if fully set forth herein.

66. This cause of action is brought by the Plaintiff against the Defendants for violation of Clovis Morton's civil rights, both under the Constitution of the United States of America and of the Constitution of the State of Mississippi.

67. By their conduct, as described herein, and acting under color of state law to deprive Clovis Morton from his civil rights, the Defendants are liable for their violation of 42 U.S.C. § 1983, et. seq., which prohibits the deprivation under color of state law of rights secured under the Constitution of the United States.

68. Defendants did willfully, deliberately, intentionally, and recklessly violate the civil rights granted unto Clovis Morton by the First Amendment to the Constitution of the United States of America, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

69. Specifically, Defendants are liable to Clovis Morton under 42 U.S.C. § 1983, et. seq., for the violation, under color of state law, of the constitutional right to free speech under the First Amendment to the Constitution of the United States, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi. Defendant Mares violated this constitutional right when he retaliated against Mr. Morton for honking his horn on the public property of the Corinth Police Department.

70. Defendants did willfully, deliberately, intentionally, and recklessly violate the civil rights granted unto Clovis Morton by the Fourth Amendment to the Constitution of the United States of America, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

71. Specifically, Defendants are liable to Clovis Morton under 42 U.S.C. § 1983, et. seq., for the violation, under color of state law, of the constitutional right to be secure in his person, house, papers,

and effects, against unreasonable searches and seizures, and to be free from a warrant being issued against him without probable cause for any crime allegedly committed, under the Fourth Amendment to the Constitution of the United States, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

72. In violation of Clovis Morton's Fourth Amendment rights, Defendants unreasonably searched and seized Mr. Morton and further sought and obtained an arrest warrant without probable cause. Further, Mr. Morton was falsely arrested by Defendants and no probable cause existed to do so. Finally, Defendants violated Mr. Morton's Fourth Amendment rights by using excessive force, including the unlawful assault and battery by Defendant Mares and Defendant Strickland during the initial encounter with Mr. Morton. Mr. Morton was a seventy-three (73) year old disabled veteran who begged for his assistive device but was denied said device during the unlawful arrest and further placed handcuffs on Mr. Morton behind his back which caused injury to his shoulders and caused him unnecessary pain. The officers further utilized excessive force when Mr. Morton was unlawfully detained and falsely imprisoned and when he was forced to strip naked. Moreover, this constitutional violation was amplified and continued when officers knowingly falsely imprisoned Mr. Morton and caused him to go without his insulin, as he is a diabetic who is dependent upon insulin, for a period while in jail and while being unlawfully detained. This all amounts to an extreme amount of excessive force and police brutality. Mr. Morton had committed no crime nor violated any law. Mr. Morton did not pose any immediate threat to the safety of anyone at the time of his assault by Defendant Mares and Defendant Strickland. Further, Mr. Morton was not resisting any arrest but defending himself against bodily injury from a man who was unlawfully and without warning violently attacking him.

73. Defendants did willfully, deliberately, intentionally, and recklessly violate the civil rights granted unto Clovis Morton by the Fourteenth Amendment to the Constitution of the United States of America, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

74. Specifically, Defendants are liable to Clovis Morton under 42 U.S.C. § 1983, et. seq., for the violation, under color of state law, of the constitutional right to be free from any deprivation of life, liberty, and property without due process of law under the Fourteenth Amendment to the Constitution of the United States, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

75. In violation of Mr. Morton's Fourteenth Amendment rights, Defendants maliciously prosecuted Mr. Morton for alleged crimes which lacked probable cause. Rather than de-escalate the events of November 2, 2020, all officers, Defendants herein, who arrived at the scene of the unlawful detainment of Mr. Morton continued the unlawful detainment and failed to properly investigate the matter. Defendant Mares then represented to Judge Phipps that crimes had been committed and stated under oath that probable cause existed to issue a warrant for Mr. Morton's arrest. Defendant Mares concealed exculpatory evidence from Judge Phipps, and no warrant or charges would have been pursued but for the intentional misdirection and lies and actions of Defendant Mares and the other Defendants in this suit. Finally, due to his age and disability, Mr. Morton alleges that he was not provided equal protection under the law and that he was denied the equal protections of the law due to his age and disabilities on November 2, 2020, and during the continuation of his malicious prosecution.

76. Defendants did willfully, deliberately, intentionally, and recklessly violate the civil rights granted unto Clovis Morton by the Fifth Amendment to the Constitution of the United States of America, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

77. Specifically, Defendants are liable to Clovis Morton under 42 U.S.C. § 1983, et. seq., for the violation, under color of state law, of the constitutional right to be free from any deprivation of life, liberty, and property without due process of law under the Fifth Amendment to the Constitution of the United States, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

78. Defendants did willfully, deliberately, intentionally, and recklessly violate the civil rights granted unto Clovis Morton by the Eighth Amendment to the Constitution of the United States of America, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

79. Specifically, Defendants are liable to Clovis Morton under 42 U.S.C. § 1983, et. seq., for the violation, under color of state law, of the constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

80. Defendants did willfully, deliberately, intentionally, and recklessly violate the rights granted unto Clovis Morton by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et. seq., which protects individuals such as Mr. Morton from police misconduct such as the misconduct which occurred on November 2, 2020.

81. Such deprivation of rights occurred due to Defendants intentional, reckless, deliberate and wanton misuse of their authority and power as law enforcement officers on November 2, 2020, during the unlawful detainment, arrest and malicious prosecution of Clovis Morton for the baseless charges of disorderly conduct and resisting arrest, including the actions and inactions of all officers on the scene of Clovis Morton's arrest on November 2, 2020, at the direction of their supervising officers and Defendant City of Corinth, Mississippi, and Defendant Corinth Police Department. Defendants' individual actions, including those of Defendant Mares and Defendant Strickland, are described in detail herein. Defendant Mares intentionally and deliberately assaulted Mr. Morton, a disabled, elderly man. This continued after Mr. Morton's unlawful detainment, which was followed by harassment through a malicious prosecution of alleged criminal violations which were summarily dismissed. Further, the individual Defendants named herein supported, approved, participated, and furthered the

deprivation of Mr. Morton's Constitutional rights and did so under the color of law at the direction of their superiors, the City of Corinth, Mississippi, the Corinth Police Department.

82. Defendants' actions and inactions are explicit violation of Clovis Morton's rights under the constitutional provisions listed herein.

83. As a direct and proximate result of Defendants' actions, Clovis Morton suffered injuries.

84. At all times relevant and material herein, the Defendant Mares, Defendant Strickland, Defendant Dance, Defendant Wood, Defendant Carmichiel, Defendant Swindell, Defendant Luker, and Defendant Rogers, were acting individually and collective as the agents, servants, and employees of their employer, Defendant City of Corinth, Mississippi, and Defendant Corinth Police Department, and they were individually and collectively acting within the scope of their authority and employment and in furtherance of their employers' business. Any action committed by Defendants shall be imputed unto their employers.

85. At all relevant times herein, Defendant City of Corinth, Mississippi and Defendant Corinth Police Department developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, procedures, and/or customs exhibiting deliberate and intentional indifference, as described herein, to Clovis Morton's constitutional rights, and caused the violation of such rights by Defendant Mares, Defendant Strickland, Defendant Dance, Defendant Wood, Defendant Carmichiel, Defendant Swindell, Defendant Luker, and Defendant Rogers. Such policies, practices, procedures, and/or customs exhibiting such a deliberate and intentional indifference were ultimately implemented and carried out through Defendant Mares, Defendant Strickland, Defendant Dance, Defendant Wood, Defendant Carmichiel, Defendant Swindell, Defendant Luker, and Defendant Rogers, on November 2, 2020. Such actions of Defendant Mares, Defendant Strickland, Defendant Dance, Defendant Wood, Defendant Carmichiel, Defendant Swindell, Defendant Luker, and Defendant Rogers were taken due to the policies, practices, procedures, and/or customs of Defendant City of Corinth, Mississippi

and Defendant Corinth Police Department, as listed and described herein. Further, Defendant City of Corinth, Mississippi and Defendant Corinth Police Department failed to train Defendant Mares, Defendant Strickland, Defendant Dance, Defendant Wood, Defendant Carmichiel, Defendant Swindell, Defendant Luker, and Defendant Rogers in the appropriate measures to be taken while interacting with civilians when an officer is in plain clothing and operating an unmarked motor vehicle, in the appropriate measures to arresting individuals, in the appropriate measures to be taken to honor the constitutional rights of citizens of the United States of America, and specifically, Clofis Morton. The training, or lack thereof, provided to Defendants perpetuated the harm caused to Mr. Morton, as senior officers at the scene of the unlawful seizure and arrest approved and assisted in the arrest and did nothing to stop it. This failure to train is included herein as a de facto policy, practice, procedure and/or custom, which exhibited a deliberate and intentional indifference, as described herein, to Clovis Morton's constitutional rights, and such failure to train, along with the other policies, procedures, practices, de facto policies, and/or customs of Defendant City of Corinth, Mississippi and Defendant Corinth Police, caused the violation of such rights by Defendant Mares, Defendant Strickland, Defendant Dance, Defendant Wood, Defendant Carmichiel, Defendant Swindell, Defendant Luker, and Defendant Rogers.

86. Defendant City of Corinth, Mississippi and Defendant Corinth Police's unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourteenth Amendments to the Constitution of the United States, as well as the similar rights and guarantees granted to Clovis Morton by the similar clauses of the Constitution of the State of Mississippi.

87. Additionally, Plaintiff seeks to hold Defendant Mares, Defendant Strickland, Defendant Dance, Defendant Wood, Defendant Carmichiel, Defendant Swindell, Defendant Luker, and

Defendant Rogers liable in their individual and official capacity for their actions, which are described herein.

88. As a direct, immediate, and proximate result of Defendants' actions, Clovis Morton sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, mental anguish, suffering, and loss of life, along with other damages to be proven at trial. Defendants have acted with deliberate and intentional indifference to the constitutional rights of Clovis Morton. As a direct and proximate result of the acts of Defendants, as stated herein, Clovis Morton's constitutional rights have been violated, which has caused Plaintiff to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment, along with other damages to be proven at trial.

### III. COUNT THREE – LIABILITY PURSUANT TO THE AMERICANS WITH DISABILITIES ACT (ADA) AS TO ALL DEFENDANTS

89. Plaintiff reasserts and re-alleges each fact and allegation in all sections of this *Complaint* and incorporates them by reference, as if fully set forth herein.

90. Plaintiff is considered a disabled individual pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et. seq., which prohibits discriminatory treatment, including misconduct, based on disability by law enforcement officials.

91. On November 2, 2020, Defendant Mares and Defendant Strickland, and all other Defendants listed herein responding to the scene of the incident involving Mr. Morton, violated the Americans with Disabilities. Defendants failed to accommodate Mr. Morton's disabilities during his unlawful detainment and false imprisonment, as described herein.

92. Due to the violation of the Americans with Disabilities Act (ADA), Mr. Morton now seeks recovery from Defendants for all remedies available to him under the law.

### INJURIES AND DAMAGES AS TO ALL DEFENDANTS

93. Plaintiff hereby adopts and incorporates by reference all the allegations stated herein.

94. Clovis Morton's injuries and damages are the direct and proximate result of negligence and other alleged actions or inactions on the part of all Defendants herein.

95. As a result, Plaintiff has suffered damages.

96. Additionally, the acts, omissions, errors, failures, breaches, and conduct, including gross negligence and intentional misconduct, including, but not limited to, deprivation of Clovis Morton's rights under 42 U.S.C. § 1983, under Mississippi law and under the Federal Constitution, on the part of Defendants were willful and wanton in nature and exhibited a reckless disregard and deliberate indifference for the rights of Plaintiff, and, therefore, these actions, omissions, errors, failures, breaches, and conduct justify the award of punitive and/or exemplary damages, including all costs of court, attorney fees, and all damages contemplated by 42 U.S.C. § 1983, et. seq., Federal law and the laws of the State of Mississippi. Such an award of damages is just in this matter because Defendants, as listed herein, have clearly acted with actual malice, deliberate indifference and gross negligence, which evidences a willful, wanton, intentional and reckless disregard for the safety of others, including Clovis Morton.

## **RELIEF SOUGHT**

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Clovis Morton, prays for judgment of, from and against Defendants for all damages proximately caused or contributed by their negligence, recklessness, gross negligence, wantonness, intentional acts, and other acts, including all amounts contemplated under the Mississippi Tort Claims Act (§ 11-46-1, et. seq.,), 42 U.S.C. § 1983, et. seq., and the Americans with Disabilities Act (ADA) )42 U.S.C. § 12131, et. seq.), and prejudgment interest, costs of court and attorney fees, and punitive damages in an amount to be calculated to deter Defendants. Plaintiff further prays for any other general relief, which he may be entitled.

**RESPECTFULLY SUBMITTED,** this the 20th day of April 2022.

**CLOVIS MORTON**

/s/ Megan E. Timbs, Esq.
Megan E. Timbs, Esq. (MSB# 105331)

Derek L. Hall (MSB# 10194)
Megan E. Timbs (MSB# 105331)
DEREK L. HALL, PC
370 Towne Center Blvd,
Ridgeland, MS 39157
Tel: 601-202-2222
Email: derek@dlhattorneys.com
Email: megan@dlhattorneys.coms
*Attorneys for Plaintiff*