IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CLOVIS DANIEL MORTON**                                               **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO.: 1:22-cv-00065-GHD-DAS**

**THE CITY OF CORINTH,
MISSISSIPPI, ET AL.**                                                  **DEFENDANT**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants the City of Corinth, Mississippi, Ralph Dance, Chief of Corinth Police, individually and in his official capacity, Detective Ram Mares, individually and in his official capacity, Officer Sean Strickland, individually and in his official capacity, Lieutenant Matt Wood, individually and in his official capacity, Officer Naomi Carmichiel, individually and in her official capacity, Detective Bo Swindel, individually and in his official capacity, Captain Mark Luker, individually and in his official capacity, Investigator Jerry Rogers, individually and in his official capacity ("Defendants"), submit this Answer and Affirmative Defenses to Plaintiff Clovis Daniel Morton's ("Plaintiff") Complaint ("complaint").

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff did not exhaust his pre-suit remedies or obligations for some or all of his allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants affirmatively plead that an award of punitive damages would amount to a violation of the United States and Mississippi Constitutions.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants plead the defenses of good faith and/or honest belief.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants plead after-acquired evidence.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to comply with his duty to mitigate his request for damages, his entitlement to which is expressly denied, such damages must be reduced.

**NINTH AFFIRMATIVE DEFENSE**

Defendants possesses sovereign, absolute, course and scope, and/or qualified immunity herein from suit and/or liability and/or damages.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks special damages, such damages have not been specifically stated.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants plead all statutory damage caps, including those applicable to requests for compensatory and punitive damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants plead the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants acted in good faith at all times in their conduct toward Plaintiff, and Plaintiff's own actions, or the actions of a third party for whom Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiff may have sustained. Defendants invoke all applicable contribution and comparative fault principles.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to all rights, immunities, and privileges contained in MISS. CODE ANN. § 11-46-1, et seq., including, but not limited to, all exemptions from liability set forth therein, the notice of claim requirements set forth therein, the limitations on liabilities set forth therein, and the fact that Plaintiffs are not entitled to a jury trial pursuant to said Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants plead all applicable defenses under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* including applicable limitations on damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

While all of Defendants' decisions related to Plaintiff were taken for legitimate and nondiscriminatory reasons, Defendants affirmatively plead that, if it is found that its actions were motivated by both unlawful and lawful reasons, the lawful reasons alone would have induced Defendants to make the same decisions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries were not caused by a policy or custom of the City of Corinth. Therefore, there is no municipal liability under federal law.

## **ANSWER**

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Defendants respond to the Complaint as follows:

The first unnumbered paragraph beginning with "COMES NOW . . . " does not appear to require a response, but, to the extent a response is required, Defendants deny the allegations contained within the paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

## **PARTIES**

1. Defendants deny the allegations contained in paragraph 1 of the complaint for lack of sufficient information.

2. In response to the allegations contained in paragraph 2 of the complaint, Defendant admits only that it may be served with process as required by law.

3. Defendants deny the allegations contained in paragraph 3 of the complaint.

4. In response to the allegations contained in paragraph 4 of the complaint, Defendant admits only that he may be served with process as required by law.

5. In response to the allegations contained in paragraph 5 of the complaint, Defendant admits only that he may be served with process as required by law.

6. In response to the allegations contained in paragraph 6 of the complaint, Defendant admits only that he may be served with process as required by law.

7. In response to the allegations contained in paragraph 7 of the complaint, Defendant admits only that he may be served with process as required by law.

8. In response to the allegations contained in paragraph 8 of the complaint, Defendant admits only that she may be served with process as required by law.

9. In response to the allegations contained in paragraph 9 of the complaint, Defendant admits only that he may be served with process as required by law.

10. In response to the allegations contained in paragraph 10 of the complaint, Defendant admits only that he may be served with process as required by law.

11. In response to the allegations contained in paragraph 11 of the complaint, Defendant admits only that he may be served with process as required by law.

**JURISDICTION AND VENUE**

12. Defendants deny the allegations contained in paragraph 12 of the complaint as stating legal conclusions.

13. Defendants deny the allegations contained in paragraph 13 of the complaint as stating legal conclusions.

14. Defendants deny the allegations contained in paragraph 14 of the complaint as stating legal conclusions.

15. Defendants deny the allegations contained in paragraph 15 of the complaint as stating legal conclusions.

**FACTS**

16. Defendants deny the allegations contained in paragraph 16 of the complaint as stating legal conclusions.

17. Defendants deny the allegations contained in paragraph 17 of the complaint for lack of sufficient information.

18. Defendants deny the allegations contained in paragraph 18 of the complaint for lack of sufficient information.

19. Defendants deny the allegations contained in paragraph 19 of the complaint for lack of sufficient information.

20. Defendants deny the allegations contained in paragraph 20 of the complaint for lack of sufficient information.

21. Defendants deny the allegations contained in paragraph 21 of the complaint as stating legal conclusions.

22. Defendants deny the allegations contained in paragraph 22 of the complaint for lack of sufficient information.

23. Defendants admit the allegations contained in paragraph 23 of the complaint.

24. Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

26. Defendants admit the allegations contained in paragraph 26 of the complaint.

27. Defendants deny the allegations contained in paragraph 27 of the complaint as incomplete.

28. Defendants deny the allegations contained in paragraph 28 of the complaint.

29. Defendants deny the allegations contained in paragraph 29 of the complaint.

30. Defendants deny the allegations contained in paragraph 30 of the complaint as incomplete.

31. Defendants deny the allegations contained in paragraph 31 of the complaint.

32. Defendants deny the allegations contained in paragraph 32 of the complaint.

33. Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Defendants deny the allegations contained in paragraph 38 of the complaint.

39. Defendants deny the allegations contained in paragraph 39 of the complaint.

40. Defendants deny the allegations contained in paragraph 40 of the complaint for lack of sufficient information.

41. Defendants admit the allegations contained in paragraph 41 of the complaint.

42. Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Defendants admit the allegations contained in paragraph 43 of the complaint.

44. Defendants deny the allegations contained in paragraph 44 of the complaint.

45. Defendants deny the allegations contained in paragraph 45 of the complaint for lack of sufficient information.

46. Defendants deny the allegations contained in paragraph 46 of the complaint.

47. Defendants deny the allegations contained in paragraph 47 of the complaint for lack of sufficient information.

48. Defendants deny the allegations contained in paragraph 48 of the complaint for lack of sufficient information.

49. Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Defendants deny the allegations contained in paragraph 52 of the complaint.

53. Defendants deny the allegations contained in paragraph 53 of the complaint.

54. The allegations contained in paragraph 54 cite to the Order attached as Exhibit B to the complaint. Exhibit B is a writing which speaks for itself. Defendants deny any allegations contained in paragraph 54 that conflict with Exhibit B to the complaint.

55. Defendants deny the allegations contained in paragraph 55 of the complaint except to admit that Plaintiff has filed this lawsuit against Defendants.

## I. COUNT I—MISSISSIPPI TORT CLAIMS ACT LIABILITY AGAINST DEFENDANT CITY OF CORINTH, MISSISSIPPI, DEFENDANT CORINTH POLICE DEPARTMENT, DEFENDANT RAM MARES, IN HIS OFFICIAL CAPACITY, AND DEFENDANT SEAN STRICKLAND, IN HIS OFFICIAL CAPACITY

56. Defendants incorporate their responses to paragraphs 1-55 in response to the allegations contained in paragraph 56 of the complaint.

57. Defendants deny the allegations contained in paragraph 57 of the complaint.

58. Defendants deny the allegations contained in paragraph 58 of the complaint.

59. Defendants deny the allegations contained in paragraph 59 of the complaint.

60. Defendants deny the allegations contained in paragraph 60 of the complaint.

61. The allegations contained in paragraph 61 of the complaint do not appear to require a response. To the extent a response is required, Defendants deny that they are liable in any capacity.

62. Defendants deny the allegations contained in paragraph 62 of the complaint.

63. Defendants deny the allegations contained in paragraph 63 of the complaint.

64. Defendants deny the allegations contained in paragraph 64 of the complaint.

## II. COUNT TWO—VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.§ 1983, ET. SEQ., AS TO ALL DEFENDANTS AND INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

65. Defendants incorporate their responses to paragraphs 1-64 in response to the allegations contained in paragraph 65 of the complaint.

66. The allegations contained in paragraph 66 of the complaint do not appear to require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

67. Defendants deny the allegations contained in paragraph 67 of the complaint.

68. Defendants deny the allegations contained in paragraph 68 of the complaint.

69. Defendants deny the allegations contained in paragraph 69 of the complaint.

70. Defendants deny the allegations contained in paragraph 70 of the complaint.

71. Defendants deny the allegations contained in paragraph 71 of the complaint.

72. Defendants deny the allegations contained in paragraph 72 of the complaint.

73. Defendants deny the allegations contained in paragraph 73 of the complaint.

74. Defendants deny the allegations contained in paragraph 74 of the complaint.

75. Defendants deny the allegations contained in paragraph 75 of the complaint.

76. Defendants deny the allegations contained in paragraph 76 of the complaint.

77. Defendants deny the allegations contained in paragraph 77 of the complaint.

78. Defendants deny the allegations contained in paragraph 78 of the complaint.

79. Defendants deny the allegations contained in paragraph 79 of the complaint.

80. Defendants deny the allegations contained in paragraph 80 of the complaint.

81. Defendants deny the allegations contained in paragraph 22 of the complaint.

82. Defendants deny the allegations contained in paragraph 82 of the complaint.

83. Defendants deny the allegations contained in paragraph 83 of the complaint.

84. Defendants deny the allegations contained in paragraph 84 of the complaint.

85. Defendants deny the allegations contained in paragraph 85 of the complaint.

86. Defendants deny the allegations contained in paragraph 86 of the complaint.

87. The allegations contained in paragraph 87 of the complaint do not appear to require a response. To the extent a response is required, Defendants deny that they are liable in any capacity.

88. Defendants deny the allegations contained in paragraph 88 of the complaint.

### III. COUNT THREE – LIABILITY PURSUANT TO THE AMERICANS WITH DISABILITIES ACT (ADA) AS TO ALL DEFENDANTS

89. Defendants incorporate their responses to paragraphs 1-88 in response to the allegations contained in paragraph 89 of the complaint.

90. Defendants deny the allegations contained in paragraph 90 of the complaint as stating legal conclusions.

91. Defendants deny the allegations contained in paragraph 91 of the complaint.

92. Defendants deny the allegations contained in paragraph 92 of the complaint.

**INJURIES AND DAMAGES AS TO ALL DEFENDANTS**

93. Defendants incorporate their responses to paragraphs 1-92 in response to the allegations contained in paragraph 93 of the complaint.

94. Defendants deny the allegations contained in paragraph 94 of the complaint.

95. Defendants deny the allegations contained in paragraph 95 of the complaint.

96. Defendants deny the allegations contained in paragraph 96 of the complaint.

97. Defendants deny the allegations contained in paragraph 97 of the complaint.

**RELIEF SOUGHT**

Defendants deny the allegations contained in the unnumbered paragraph beginning with "WHEREFORE PREMISES CONSIDERED …", and Defendants further deny that Plaintiff is entitled to any relief whatsoever.

Consistent with the answers and affirmative defenses set forth herein, Defendants request that the complaint be dismissed, with all costs taxed to Plaintiff and an award of attorney's fees be provided to Defendants.

THIS the 28th day of July, 2022.

Respectfully submitted,

PHELPS DUNBAR LLP

BY:  /s/ *Mallory K. Bland*
G. Todd Butler, MB #102907
Mallory K. Bland, MB #105665
4270 I-55 North
Jackson, Mississippi 39211-6391

                                      Post Office Box 16114
                                      Jackson, Mississippi 39236-6114
                                      Telephone: 601-352-2300
                                      Telecopier: 601-360-9777
                                      Email: todd.butler@phelps.com
                                      Email: mallory.bland@phelps.com
                                      **ATTORNEYS FOR DEFENDANTS**

PD.38225617.1

**CERTIFICATE OF SERVICE**

    I certify that, on July 28, 2022, I had this Answer and Affirmative Defenses electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                               */s/ Mallory K. Bland*
                                               Mallory K. Bland