IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CLOVIS DANIEL MORTON                                                                    PLAINTIFF

v.                                                                  Civil No. 1:22-cv-00065-GHD-DAS

THE CITY OF CORINTH, MISSISSIPPI; et al.                                              DEFENDANTS

## ORDER DENYING MOTION TO DEFER RULING

Presently before the Court is the Plaintiff's Motion to Defer Ruling on Municipal Defendants' Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment [46]. Upon due consideration, the Court finds that the motion should be denied. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Court shall exclude the matters the Defendants submitted with the subject motion [40] and proceed to rule on the Defendants' motion as a Rule 12(c) motion for judgment on the pleadings after the parties have had sufficient time to brief the motion.

"When considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to 'the contents of the *pleadings* including attachments thereto.' " *Bosarge* v. *Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (emphasis added). The "pleadings" include the complaint, answers to the complaint, and "if the court orders one, a reply to an answer." *Id.* (quoting Fed. R. Civ. P. 7(a)). Generally, when a rule 12(c) motion presents matters outside the pleadings, the court may either exclude the evidence or treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d); see also *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise*, LLC, 225 Fed. Appx. 775, 783 (5th Cir. 2007) (holding that when 'matters outside the pleadings' are presented with Rule 12(b)(6) or 12(c) motions, district court has complete discretion to either accept or exclude evidence).

In the case *sub judice*, the Defendants' motion for judgment on the pleadings presents evidence outside the pleadings by way of two exhibits [40-1, 40-2] that are attached to the motion. Considering the nature of this litigation and the defenses that the Defendants have presented, the Court finds that the best approach is to exclude this evidence and consider the Defendants' motion [40] under Rule 12(c).[1] *Franklin v. N. Cent. Narcotics Task Force*, No. 5:15-CV-120-DCB-MTP, 2016 WL 7378215, at *2 (S.D. Miss. Dec. 20, 2016).

The Court therefore hereby ORDERS that the Plaintiff's Motion to Defer Ruling on Municipal Defendants' Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment [46] is DENIED; the Court shall treat the subject motion [40] as a Rule 12(c) motion for judgment on the pleadings and shall exclude the evidence [40-1, 40-2] the Defendants submitted with the motion. Discovery in this matter remains stayed as ordered by the Magistrate Judge on January 17, 2023 [43]. The Plaintiff shall submit any response to the Defendants' motion for judgment on the pleadings within fourteen days of today's date; the Defendants shall then submit any reply brief in support of the motion within seven days from the date the Plaintiff submits a response.

SO ORDERED, this, the 17th day of February, 2023.

_____
SENIOR U.S. DISTRICT JUDGE

---

[1] The Court finds that conversion to a summary judgment motion is unwarranted at this juncture because, *inter alia*, there has been little or no discovery conducted by the parties. See, e.g., *Brennan v. Nat'l Tel. Directory Corp.*, 850 F. Supp. 331, 335 (E.D. Pa. 1994) (conversion was unwarranted where no factual record had been developed because "the parties may not be able to present enough material to support or oppose a motion for summary judgment").