IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CLOVIS DANIEL MORTON** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 1:22-cv-00065-GHD-DAS**

**THE CITY OF CORINTH,**
**MISSISSIPPI, ET AL.** **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court is the Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [40]. In the Complaint, the Plaintiff asserts a myriad of federal and state law claims against nine Defendants, eight of whom are individuals, related to the Plaintiff's arrest on November 2, 2020. Upon due consideration, the Court finds that the Defendants' motion should be denied as moot and that the Plaintiff shall be required to file an Amended Complaint.

### *I.   Factual and Procedural Background*

On November 2, 2020, the Plaintiff visited the premises of the Corinth Police Department in order to retrieve a copy of a collision report for a motor vehicle collision involving his wife [Complaint, Doc. 1, at p. 4]. Upon obtaining the report and attempting to exit the Police Department's parking lot, the Plaintiff noticed that a vehicle was stopped in the right-hand side lane of the entrance/exit to the Police Department [*Id.*, at p. 5]. The vehicle, driven by Defendant Detective Ram Mares, had stopped so that Detective Mares could speak with someone entering the Police Department [*Id.*] The Plaintiff blew his horn at the vehicle, which ultimately led to the Plaintiff's arrest by Detective Mares and Defendant Officer Sean Strickland and to charges against the Plaintiff for resisting arrest and disorderly conduct [*Id.*, at p. 7, Doc. 1-1]. The charges were

ultimately dismissed by the Municipal Court of the City of Corinth at the conclusion of a trial [*Id.*, at p. 8, Doc. 1-2]. This litigation followed.

As best the Court can determine from the Complaint, the Plaintiff brings this action against nine remaining Defendants, asserting state law claims against three of the remaining defendants for assault and battery, false arrest, gross negligence, and negligence per se; federal claims under 42 U.S.C. § 1983 against all remaining defendants for violation of the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution; and a claim under the Americans with Disabilities Act ("ADA") against all remaining Defendants. The Defendants have now filed the presently pending motion seeking dismissal of the Plaintiff's claims.

## *II. Standard of Review*

After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (*citing* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) or Rule 12(c) motion, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). In the case *sub judice*, two relevant documents were attached to the Plaintiff's Complaint. Those documents, but no others, have been considered and are referenced by the Court in ruling on this motion.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### *III. Analysis and Discussion*

As noted above, the Plaintiff has asserted multiple claims against multiple and varying Defendants under both state and federal law and in both individual and official capacities – for false arrest, excessive force, First Amendment retaliation, malicious prosecution, assault and battery, gross negligence, negligence per se, violation of the Fourth, Eighth, and Fourteenth

Amendments, and the ADA, among other claims – incorporating by reference the allegations of the preceding counts (with the exception of Count One), grouping various Defendants together in various counts, and including irrelevant allegations and legal conclusions. As a result, as the Defendants note repeatedly, it is unclear precisely what claims the Plaintiff seeks to raise, against which Defendants each claim is asserted and in what capacity, and what conduct the Plaintiff imputes to each Defendant. Thus, the Defendants are reduced to stating their defenses against the claims as "best as they can discern," which is improper, particularly in a case such as this one where qualified immunity has been raised as a defense by each of the eight individual defendants. See, e.g., *White v. City of Grenada*, No. 4:20-CV-161-SA-JMV, 2021 WL 4449276 (N.D. Miss. Sept. 28, 2021).

Accordingly, after carefully reviewing the Plaintiff's Complaint and the parties' briefs on the instant motion, the Court finds that the confusing nature of the Plaintiff's Complaint, essentially a "shotgun" complaint naming a myriad of Defendants and claims, is improper and puts the Court, as well as the Defendants, in the difficult position of attempting to discern the Plaintiff's intent. This is particularly true given that the individual Defendants have asserted the defense of qualified immunity at an early stage of these proceedings, which requires the Court to inquire into the reasonableness of each of the eight individual Defendants' alleged conduct. *Estate of Stacks v. Prentiss Cnty.*, No. 1:12-CV-32-GHD-DAS, 2013 WL 1124395, at *7 (N.D. Miss. Mar. 18, 2013); *Carpenter v. Miss. Valley State Univ.*, 807 F. Supp. 2d 570, 585 (N.D. Miss. 2011) (noting that qualified immunity protects public officials from suit "unless their conduct violates a clearly established constitutional right").

As a court within this District has previously explained with regard to "shotgun" complaints such as the Plaintiff's:

> Shotgun pleadings, which are prohibited by the Federal Rules, are characterized as complaints containing several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.

*White*, 2021 WL 4449276, at *5; *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-67-DMB-JMV, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014). The Plaintiff's Complaint falls squarely within this category.

"Shotgun complaints are problematic because they force a 'trial court to sift out the irrelevancies, a task that can be quite onerous.' " *Michael v. Boutwell*, No. 3:14-CV-116-DMB-SAA, 2015 WL 728516, at *6 (N.D. Miss. Feb. 19, 2015) (quoting *Sahlein*, 2014 WL 3046477, at *3). "District courts have a 'supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.' " *Michael*, 2015 WL 728516, at *6 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006)).

Recognizing this obligation, the Court finds that the Plaintiff should be required to replead his allegations and claims in an Amended Complaint. *Sudduth v. Lowndes Cnty., Miss.*, No. 1:18-CV-51-SA-DAS, 2019 WL 982861 (N.D. Miss. Feb. 28, 2019) (finding that proper remedy when complaint and claims are drafted in manner that does not allow Court to properly adjudicate motion to dismiss is more definite statement under Rule 12(e) or order directing plaintiff to amend complaint); *Michael*, 2015 WL 2728516, at *6 (describing problems with complaints that force court to sift through irrelevant factual pleadings and fail to adequately link factual allegations to claims, and listing appropriate procedural solutions, including requiring plaintiff to replead). In

5

so doing, the Plaintiff should remain cognizant of the requirement to link his claims to their factual predicates, to comply with Rule 8's pleading requirements as to his allegations against each Defendant, and to heed the prohibition on shotgun complaints. The Plaintiff is specifically advised that failure to file an amended pleading as directed may result in the Court striking his original Complaint [1] or dismissing his claims.

### IV. Conclusion

In sum, for the reasons set forth above, the Court shall order the Plaintiff to file an amended complaint within twenty-one days of today's date. In addition, the Defendants' present motion for judgment on the pleadings shall be denied without prejudice as moot. The Defendants shall have the opportunity to file any further motions to dismiss or for judgment on the pleadings after the Plaintiff has filed an amended complaint.

An order in accordance with this opinion shall issue this day.

THIS, the 14th day of July, 2023.

_____
SENIOR U.S. DISTRICT JUDGE