UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CLOVIS DANIEL MORTON**                         **PLAINTIFF(S)**

**V.**                           **CIVIL ACTION NO. 1:22-CV-65-GHD-DAS**

**CITY OF CORINTH, MISSISSIPPI, et al.**                **DEFENDANT(S)**

### ORDER ON REQUEST TO TAKE EVIDENTIARY DEPOSITION

The plaintiff has renewed his request for leave to take his own deposition for the purposes of assuring that his testimony has been preserved [Dkt. 92] The defendants continue to oppose this request citing to their pending motion for judgment on the pleadings based on sovereign immunity and qualified immunity. The court denied the earlier motion on February 17, 2023. On July 17, 2023, the court found the plaintiff had filed an improper "shot gun" complaint but should be allowed to amend the complaint before a ruling on the merits. The amended complaint was filed on August 8, 2023. The defendants answered on August 22, 2023 and again moved for judgment on the pleadings on September 18, 2023. The plaintiff in response has requested that the motion to denied, deferred, or that the plaintiff be allowed discovery before the court finally rules on the motion to dismiss.

In the renewed motion the plaintiff points out that he is now seventy-six years of age. He has included some medical records which are adequate to provide a list of his health ailments, which include benign prostatic hypertrophy, right hip pain, a benign neoplasm of the skin on the eyelids, conjunctival cysts, benign essential hypertension, hyperlipidemia, joint pain in the upper arm, kidney stones, left knee pain, difficulty walking, diabetic peripheral neuropathy, diabetes mellitus since 1989, low back pain, enthesopathy of the hip, pain in the joint involving the pelvic

region and thigh, and nail diseases. His VA disability ratings are also provided which found he was unemployable as of April 2020.

As was the case at the time of Morton's first motion, all discovery in this case remains stayed because the defendants have filed motions asserting qualified immunity and sovereign immunity. The defendants continue to assert that because the immunity defenses are pending, they should not be required to engage in the discovery necessary to prepare for an evidentiary deposition of the plaintiff. The plaintiff renews his argument that the deposition should be taken to preserve his testimony.

As noted in the ruling denying Morton's first request, the request is akin to the procedures for requesting preservation of testimony under Fed.R.Civ.P. 27. In pertinent part, the courts may order a deposition under that rule, "If satisfied that perpetuating the testimony may prevent a failure or delay of justice…." Fed.R.Civ.P. 27(a)(3). The plaintiff under this rule would need to make an objective showing that the testimony would otherwise be lost, concealed or destroyed. *Hardin -Warfield* v. *Mosby*, 2006 WL 1366727 (S.D. Miss. 2006). Here the plaintiff is seeking to preserve his version of events. He asserts that his testimony would be lost if he should die and asserts his age and the referenced illnesses. While the plaintiff is elderly and the medical records establish the existence of a number of medical problems, the court is not convinced his testimony will be lost before the court rules on the pending motions. Accordingly, the plaintiff's motion is hereby **DENIED.**

**SO ORDERED**, this the 28th day of November, 2023.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**