IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CLOVIS DANIEL MORTON**                                                  **PLAINTIFF**

**V.**                                            **NO: 1:22-CV-065-GHD-DAS**

**CITY OF CORINTH, MISSISSIPPI, ET AL.**                                 **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DENY OR DEFER RULING ON DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS AND ALLOW DISCOVERY OR
<u>GRANT ALTERNATIVE RELIEF</u>**

Presently before the Court is the Plaintiff's Motion to Deny or Defer Ruling on Defendants' Motion for Judgment on the Pleadings and Allow Discovery or Grant Alternative Relief. [90]. Upon due consideration, the Court finds that the motion should be granted in part and denied in part. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Court shall exclude consideration, at this stage, of the matters the Defendants attached to their answer [71] to Plaintiff's amended complaint [70] and proceed to rule on the Defendants' motion as a Rule 12(c) motion for judgment on the pleadings after the parties have had sufficient time to brief the motion.

"In considering a motion for judgment on the pleadings under Rule 12(c), the Court is generally limited to 'the contents of the pleadings, including attachments thereto." *Borsage v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439-40 (5th Cir. 2015) (quoting *Brand Coupon Network, L.L.C. v. Catalina Mktg Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). The "pleadings" include the complaint, answer to the complaint, and "if the court orders one, a reply to an answer." Fed.R.Civ.P. 7(a). "[P]leadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered

1

part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Due the similarities in the analyses under Rule 12(c) and Rule 12(b)(6), we will apply the same rule to documents attached to the Defendants' motion for judgment on the pleadings. *Borsage*, 796 F.3d at 440 (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

In answering the Plaintiff's amended complaint, the Defendants attached two documents to their answer, a video and an incident report. The Court, as it has previously done under slightly different circumstances in this case, must decide whether, and in what manner, to consider the Defendants' attachments. [71-1, 71-2]. The Plaintiff has not referred to nor relied upon the two attachments to the Defendants' answer in forming its amended complaint. The other two exceptions that would allow consideration of attachments, as previously discussed, do not apply here. The attachments were not submitted with the complaint and have not been established by any party as public record. Therefore, the best approach for this circumstance is to exclude the consideration of the attachments to the answer in question and consider the Defendants' motion [79] under Rule 12(c). Here, although the Defendants attached the exhibits to its answer instead of its motion for judgment on the pleadings, the same reasoning and rules apply as they are documents not attached to the motion for judgment on the pleadings, not relied upon in, or attached to, the complaint, and not referenced in the complaint.

The Defendants have cited numerous cases that purportedly allow consideration of the video in this instance since it allegedly clearly contradicts the Plaintiff's allegations. However, a review of the Defendants' cited cases does not support the conclusion that the video should be

2

considered at this time. The cases provided by the Defendants all deal with cases at the summary judgment stage, essentially all relying on the rule that "when there is a videotape that discredits the non-movant's description of facts, we will 'consider the facts in the light depicted by the videotape.'" *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2001). (quoting *Scott v. Harris*, 550 U.S. 372, 381, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)). This rule is considered in the context of the summary judgment rule that "[w]hen reviewing summary judgment decisions, we generally construe all purported facts in the light most favorable to the non-movant." *Id*.

As this Court has previously held, conversion to summary judgment is unwarranted as this juncture as, *inter alia*, there has been little or no discovery conducted by the parties. *Franklin v. N. Cent. Narcotics Task Force*, No. 5:15-CV-120-DCB-MTP, 2016 WL 7378215, at *2 (S.D. Miss. Dec. 20, 2016) (citing *Brennan v. Nat'l Tel. Directory Corp.*, 850 F.Supp. 331, 335 (E.D. Pa. 1994)) (conversion was unwarranted where no factual record had been developed because "the parties may not be able to present enough material to support or oppose a motion for summary judgment").

The Court therefore hereby ORDERS that the Plaintiff's Motion to Deny or Defer Ruling on Defendants' Motion for Judgment on the Pleadings and Allow Discovery or Grant Alternative Relief [90] is GRANTED IN PART in that the Motion requests that the attachments [71-1, 71-2] not be considered at this stage of proceedings. The Motion [90] is DENIED IN PART in that the Motion requests denial of Defendants' motion, conversion of the motion to a motion for summary judgment, or a deferred ruling so that discovery can be conducted. Discovery in this matter remains stayed as ordered by the Magistrate Judge on September 19, 2023. [81]. The Plaintiff shall submit any response to the Defendants' motion for judgment on the pleadings within fourteen

days of today's date; the Defendants shall then submit any reply brief in support of the motion within seven days from the date the Plaintiff submits a response.

    SO ORDERED, this the __16th__ day of January, 2024.

                                                            SENIOR U.S. DISTRICT JUDGE