UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


CLOVIS DANIEL MORTON                                                    PLAINTIFF(S)


V.                                          CIVIL ACTION NO. 1:22-CV-65-GHD-DAS

CITY OF CORINTH, MISSISSIPPI, et al.                                    DEFENDANT(S)

### ORDER CONCERNING SUBPOENAS DUCES TECUM

On October 9, 2024, the court held a status conference regarding the plaintiff's notice of intent to serve subpoenas duces tecum. Most of these subpoenas are to the defendant, the City of Corinth, Mississippi. This defendant sought the informal conference asserting: 1) that service of subpoenas duces tecum on the city under Fed. R. Civ. P 45 was not proper because it is a party to this litigation; and 2) that the subpoenas would circumvent the limits on production requests set out in the case management order. The defendant also asked whether the number limits for interrogatories, requests for production of documents, and request for admissions should apply per party or per side.

In response, the plaintiff argues the City of Corinth should not be considered a party as to the documents he seeks to obtain with the subpoenas. The plaintiff is suing two of Corinth's police officers -- Detective Ram Mares and Officer Sean Strickland -- for 1983 claims related to the arrest of the plaintiff. The proposed subpoenas seek documents related to the 1983 claims. The city won a dismissal of these 1983 claims against it but lost the motion to dismiss as to the plaintiff's ADA claims. After considering the matter, the court agrees with the defendant that its status as a party for discovery purposes is not impacted by the dismissal of the 1983 claims.

Rule 26(b)(1) discovery is allowed for "any nonprivileged matter that is relevant to **any party's claim or defense**…." Because this rule does not limit discovery aimed at the City to claims against it or its defenses, and the City is still a listed defendant, the court finds no basis for treating it as a non-party.

As to whether the limitations on requests should apply per side or per party, the court notes that the text of the form order it uses is a form adopted for use in all the district courts in this state. The text of the form itself specifically provides the limits for depositions on a per party basis; however, the written discovery requests limits does not specify whether those limits apply on a per party or per side. The court finds the form is ambiguous as to how it should apply and thinks the ambiguity may not be accidental.

Whether the written discovery limits should apply per party or per side depends on the particular facts of the case and the complexity of the issues. The court has considered the relative simplicity of the issues in this case and the fact that all defendants are represented by the same counsel. Therefore in this case, the court interprets its order to limit interrogatories, requests for production of documents, and requests for admissions to thirty per side. The court will, nevertheless, consider changes to these limits for good cause shown.

The plaintiff has already served a set of requests for production on the City, presumably only addressing the ADA claims. The plaintiff had also prepared to issue subpoenas duces tecum addressing the 1983 action. The combination of these separate requests exceeds the limit in the case management order. The court, therefore, finds that the plaintiff should be allowed leave to withdraw the pending requests for production and issue a new comprehensive set of

requests. If the plaintiff wishes to withdraw the pending requests, counsel should notify the defense not later than seven days after entry of this order.

Finally, the court finds it appropriate to extend CMO deadlines to allow for time taken by the court to resolve the instant discovery issue.

**IT IS, THEREFORE, ORDERED,** as follows:

1.  The court finds the plaintiff shall not serve subpoenas duces tecum on the City, but rather must request documents pursuant to Rule 34.

2. The requests for written discovery in this case will apply on a per side basis.

3. The plaintiff is granted leave to withdraw the pending request for production of documents within seven days of this order.

4. Case management deadlines are extended as follows:

    a.  All discovery shall be completed not later than April 4, 2025.

    b.  Motions for amendment of the pleadings shall be filed not later than November 29, 2024

    c.  Plaintiff's experts shall be designated not later than January 31, 2025.

    d.  Defendants' experts shall be designated not later than March 7, 2025.

    e.  All motions, including *Daubert* motions, shall be filed not later than April 18, 2024.

**SO ORDERED,** this the 17th day of October, 2024.


/s/ **David A. Sanders**
**U.S. MAGISTRATE JUDGE**

3